**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CASE NO.:**

| | |
|---|---|
| **EDWARD MORAN, JR.,** | |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | |
| **U.S. EQUITIES CORP., and LINDA STRUMPF,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendants U.S. EQUITIES CORP. and LINDA STRUMPF, (collectively "Defendants" alleges as follows:

**I. INTRODUCTION**

1.    This is an action for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., in its illegal efforts to collect a consumer debt from Plaintiff.

**II. JURISDICTION**

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this action occurred in substantial part in this district.

1

### III. ALLEGATIONS AS TO PARTIES

3.  Plaintiff, Edward Moran, Jr., ("Mr. Moran") is a natural person who during certain relevant times resided in Queens County, New York.

4.  Upon information and belief Defendants U.S. Equities Corp. (hereinafter "Equities") is a collection agency and domestic corporation and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5.  Upon information and belief Defendants Equities is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6), doing substantial and material business in New York County, New York.

6.  Upon information and belief Defendants Linda Strumpf (hereinafter "Strumpf") is a collection attorney and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.  Upon information and belief Defendants Strumpf is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6), doing substantial and material business in New York County, New York.

8.  Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempts to collect consumer debts alleged to be due to another.

9.  Mr. Moran is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

10. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

11.     Defendants are subject to the jurisdiction of the United States Court and venue of this district because Defendants' actions and omissions violate the statues and law of the United States of America, resulting in the causation of inside and outside of the State of New York.

### IV. FACTUAL ALLEGATIONS

12.     Plaintiff re-alleges ¶¶ 1-11 as fully restated herein.

13.     On a date better known to Defendants in the year 2002, Defendants Equities via its attorneys Defendants Strumpf, (hereinafter collectively "Defendants") filed a lawsuit on behalf of Defendants against Plaintiff in the Civil Court of the City of New York, County of Queens, Index No.: 61277/2002.

14.     At the time the lawsuit was commenced Mr. Moran did not reside in Queens County or any other county in the State of New York.

15.     Defendants via its attorneys then proceeded with the lawsuit against Plaintiff by filing requisite documents and ultimately obtaining a judgment against Plaintiff during the month of June in the year 2007.

16.     On or about the month of May in the year 2016, Defendants continued its pattern of unlawful behavior when it sought to enforce its unlawfully procured judgment against Plaintiff.

17.     Defendants contacted Mr. Moran via the phone in early May 2016.

18.     Defendants informed Mr. Moran that a judgment had been obtained against him almost a decade earlier.

19.     Defendants offered Mr. Moran a settlement on the judgment. Defendants stated that would make a "verbal settlement" with Mr. Moran for $1,975.00, "the amount of

3

judgment without interest" against him. As part of that settlement Defendants waive the interest.

20. During that conversation Defendants stated that "they could easily get Mr. Moran for the entire judgment" against him plus interest.

21. During that conversation Defendants never informed Mr. Moran as to the amount of the entire judgment.

22. Mr. Moran felt intimidated and coerced into agreeing to the settlement.

23. Defendants obtained Mr. Moran's credit/debit card information.

24. Over the next 16 months Defendants proceeded to make monthly withdrawals from Mr. Moran's bank account utilizing Mr. Moran's payment device.

25. Defendants made the withdrawals for varying amounts of money at Defendants'

26. Months after that initial phone call, on July 18, 2016,  Defendants sent Mr. Moran a letter stating that "the settlement of the balance" (a balance which is again not mentioned) was $3,225.00. Defendants also stated that the monthly withdrawals would be in the amount of $200.00.

27. Mr. Moran immediately called Defendants to remind them that the settlement was initially $1,975.00.  Defendants' verbally informed Mr. Moran that the settlement which was made for $1,975.00 was still being honored. Defendants' told Mr. Moran to disregard the portion of the 7/18/16 letter which stated that the settlement was

28. Mr. Moran trusted Defendants to honor the verbal settlement of $1,975.00.

29. On September 27, 2016. Defendants sent Mr. Moran another letter stating that they would be deducting $100.00 monthly from Mr. Moran's bank account utilizing his payment devise until Mr. Moran had paid $3,225.00.

30.    Mr. Moran again called Defendants to inquire as to why the letter dated September 27, 2016 made reference to a settlement amount of $3,225.00. Mr. Moran also requested to be provided with the total balance of the judgment along with total balance to date. Defendants told Mr. Moran that "they do not discuss balances"

31.    Defendants continued to deduct money every month from Mr. Moran's bank account utilizing his payment device.

32.    Defendants failed to obtain written authorization from the Plaintiff for these electronic funds transfers, as required by and in violation of Regulation E of the EFTA.  See 12 C.F.R. § 1005.10(b).

33.    Defendants failed to provide the Plaintiff with a written copy of this authorization for these electronic funds transfers, as required by and in violation of regulation E of the EFTA.  See 12 C.F.R. § 1005.10(b).

34.    Defendants made multiple electronic funds transfers from Plaintiff's bank account between December 2012 and April 2013, within the meaning of Regulation E of the EFTA, without having first complied with the requirements of those federal laws.  See 15 U.S.C. § 1693 and 12 C.F.R. § 1005.10.

35.    Defendants never sent Mr. Moran a thirty (30) day validation notice.

36.    Defendants never obtained a written agreement from Mr. Moran authorizing them to deduct that money.

37.    Sometime around the latter portion of November 2017, Mr. Moran contacted Defendants for a third time.  Mr. Moran requested three things: a copy of the judgment against him, the dollar amount balance of what remains to be paid by him, and a payment history itemizing each payment he already made.

38. At that time Defendants refused, all three requests. The person whom Mr. Moran spoke with eventually hung up on Mr. Moran.

39. Mr. Moran immediately called back and there was no response. When Mr. Moran finally got through again he was placed on hold for twenty minutes. Mr. Moran was eventually transferred to the person whom he had spoken with 20 minutes earlier. Mr. Moran once again requested his balance.

40. Mr. Moran, through his bank, blocked Defendants from taking any more money from his bank account. Mr. Moran informed Defendants that he would remove the block once he received the information he requested.

41. A few days later after the initial November 2017 phone call, Mr. Moran received an email from Defendants. The email contained a payment history but did not contain a balance of what Mr. Moran owed to date.

42. Mr. Moran also noticed that the original judgment amount was $1,429.00 without interest, not the $1,975.00 that Mr. Moran originally was led to believe.

43. Mr. Moran then called Defendants again on or around December 2017. The person that Mr. Moran spoke with on the telephone once again confirmed that Defendants' agreement was for $1,975.00 and claimed that was the amount of the judgment with interest.

44. During this December 2017 phone call Mr. Moran once again requested his balance in writing and the was told that Defendants would not provide a balance in writing.

45. By commencing a legal action and obtaining a judgment against Plaintiff, in a location where Plaintiff did not reside, Defendants utilized false and deceptive means to coerce Plaintiff into paying the debt.

46.     By commencing a legal action and obtaining a judgment against Plaintiff, Defendants utilized false and deceptive means which resulted in a permanent obstacle to Plaintiff obtaining credit in the future.

47.     By refusing to provide Plaintiff with the total current balance of the alleged debt Defendants engaged in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff.

48.     By refusing to provide Plaintiff with the total current balance of the alleged debt Defendants utilized unfair and unconscionable means to collect an alleged debt from Plaintiff.

49.     By failing to provide Plaintiff with a 30-day validation notice within five days on the initial communication Defendants have violated multiple sections of the FDCPA including without limitation 15 U.S.C. § 1692g.

50.     By deducting multiple payments on a monthly basis from Plaintiff's bank account utilizing Plaintiff's payment device Defendants violated multiple provisions of the

51.     The collection attempt was a communication in violation of numerous and multiple FDCPA. provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692f and 1692f(1), amongst others.

52.     By making the aforementioned allegations Defendants attempted to utilize false and deceptive means to coerce Plaintiff into paying the debt.

53.     Defendants knew or should have known at the time it made these allegations, that such allegations were false and deceptive.

54.     Plaintiff commenced this action within one year of the unlawful actions and/or within one

## V. PRACTICES OF DEFENDANTS

55.     It is or was the policy and practice of Defendants to initiate consumer credit lawsuits against consumers who may or may not owe a debt.

56.     It is or was the policy and practice of Defendants to initiate consumer credit lawsuits against consumers in counties they do not reside and obtain false and misleading affidavits of service.

57.     It is or was the policy and practice of Defendants to commence actions in geographic locations where consumers do not reside.

58.     Said practices and policies of Defendants are deceptive representations, which contradicts the consumer's rights.

59.     That the Defendants intentionally and knowingly and/or carelessly and recklessly causes these false, misleading lawsuits on a mass scale for sole purpose of harassing consumers and coercing payment and collecting debts which it knows or should know that the consumers do not owe.

60.     Defendants' conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e), and (f) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

61.     That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendants herein.

## VI. ALLEGATIONS OF LAW

62.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to the following:  (d), (e), and (f).

    i.   Defendants violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in an attempt to collect a debt;

    ii.   Defendants violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iii.   Defendants violated 15 U.S.C. § 1692e(2) making false and misleading representations in connection to the amount   of an alleged debt; communicating false credit information; and utilizing false representations or deceptive means to collect a debt;

    iv.   Defendants violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to attempt to collect an unfair alleged debt;

    v.   Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the debt or by law;

    vi.   Defendants violated 15 U.S.C. § 1692i(a)(2) by bringing a legal action in a location other than where the contract was signed or where the consumer resided.

    vii.   Where there is no signed contract the FDCPA prohibits a debt collector from commencing an action anywhere besides the judicial district where the consumer resides. See Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011).

63.   Defendants violated the Electronic Funds Transfer Act and Regulation E. Defendants' violations include, but are not limited to the following:

    i.   Defendants violated 15 U.S.C. § 1693,  12 C.F.R. § 1005.10 and 12 C.F.R. § 1005.10(b) by making 2 or more electronic funds transfers from Plaintiff's account without first obtaining <u>written</u> authorization.

64.   Defendants' actions and omissions also violated New York State Statutes prohibiting Deceptive Acts and Practices.  *See* New York State Code Article 22-A. § 349.

## COUNT I

## Violation of § 1692d Of The FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

65.   Plaintiff adopts and realleges the foregoing.

66.   Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. <u>See</u>, 15 U.S.C. § 1692d.

67.   Defendants' violation of § 1692d of the FDCPA, include, but are not limited to, commencing an action in a jurisdiction where Plaintiff never resided, failure to provide a 30 day validation notice, failure to provide plaintiff with a current balance, hanging up the phone during a conversation with plaintiff, failing to obtain written authorization from Plaintiff to make 2 or more electronic funds transfers.

68.   Defendants' violation of § 1692d of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

69.   By unlawfully bringing an action against Plaintiff, Defendants have caused Plaintiff to suffer actual injury in the form of emotional distress.

70.   As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive and unfair collection conduct.

71.   Defendants' violation of § 1692d of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

72.   Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.                    **COUNT II**

**Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection**

73.   Plaintiff adopts and realleges the foregoing.

74.   Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. See, 15 U.S.C. § 1692e.

75.   Defendants' violation of § 1692e of the FDCPA, include, but are not limited to, documents with the Civil Court of the City of New York in their pursuit of alleged debt. False documents include but are not limited to, affidavits of service, commencing an action in a jurisdiction where Plaintiff never resided, failure to

30 day validation notice, failure to provide plaintiff with a current balance, hanging up the phone during a conversation with plaintiff, failing to obtain written authorization from Plaintiff to make 2 or more electronic funds transfers.

76. Defendants' violation of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

77. By unlawfully filing false documents with Civil Court of the City of New York, Defendants have caused Plaintiff to suffer actual injury in the form of emotional

78. By unlawfully making false threats against Plaintiff, Defendants have caused Plaintiff to suffer actual injury in the form of emotional distress.

79. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive

80. Defendants' collection of debt. § 1692e of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See15 U.S.C. § 1692k(a)(1).

81. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **COUNT III**

## **Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt**

82. Plaintiff adopts and realleges the foregoing.

83.   Section 1692e(2) of the FDCPA prohibits a debt collector from using false or misleading representations in communications with regards to the character, amount, or legal status of the alleged debt.  See, 15 U.S.C. § 1692e(2).

84.   Defendants' violation of § 1692e(2) of the FDCPA, include, but are not limited to, filing false documents with the court in their pursuit of collecting the alleged debt failure to provide plaintiff with a current balance of the alleged debt.

85.   Defendants' violation of § 1692e(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

86.   By unlawfully filing false documents with Civil Court of the City of New York and failing to provide Plaintiff with a current balance, Defendants have caused Plaintiff to suffer actual injury in the form of emotional distress.

87.   By unlawfully making false threats against Plaintiff, Defendants have caused Plaintiff to suffer actual injury in the form of emotional distress.

88.   As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

89.   Defendants' violation of § 1692e(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

90.   Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT IV

### Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

91.    Plaintiff adopts and realleges the foregoing.

92.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. See, 15 U.S.C. § 1692f.

93.    Defendants' violation of § 1692f of the FDCPA, include, but are not limited to, commencing an action in a jurisdiction where Plaintiff never resided, failure to provide a 30 day validation notice, failure to provide plaintiff with a current balance, hanging up the phone during a conversation with plaintiff, failing to obtain written authorization from Plaintiff to make 2 or more electronic funds transfers.

94.    Defendants' violation of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

95.    By unlawfully commencing an action in a jurisdiction where Plaintiff never resided, failure to provide a 30 day validation notice, failing to provide plaintiff with a current balance, hanging up the phone during a conversation with plaintiff, failing to obtain written authorization from Plaintiff to make 2 or more electronic funds transfers, Defendants has caused Plaintiff to suffer actual injury in the form of

96.    By unlawfully by making false threats against Plaintiff, Defendants has caused Plaintiff to suffer actual injury in the form of emotional distress.

97.     As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive

98.     Defendants' violation of § 1692f of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

99.     Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## <u>COUNT V</u>

### <u>Violation of § 1692f(1) Of the FDCPA – Any attempt to collect any amount not authorized by the agreement creating the debt or permitted by law</u>

100.    Plaintiff adopts and realleges the foregoing.

101.    Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  See, 15 U.S.C. § 1692f(1).

102.    Defendants' violation of § 1692f(1) of the FDCPA, include, but are not limited to, commencing an action in a jurisdiction where Plaintiff did not reside and obtaining a judgment and reporting the judgment to credit reporting bureaus.

103.    Defendants' violation of § 1692f(1) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

104.   By unlawfully commencing an action in a jurisdiction where Plaintiff did not reside and obtaining a judgment and reporting the judgment to credit reporting bureaus, Defendants has caused Plaintiff to suffer actual injury in the form of emotional distress.

105.   By unlawfully making false threats against Plaintiff, Defendants has caused Plaintiff to suffer actual injury in the form of emotional distress.

106.   As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

107.   Defendants' violation of § 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

108.   Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **COUNT VI**

## **Violation of § 1692i(a)(2) Of the FDCPA – Bringing legal action in a location other than where contract signed or where consumer resides**

109.   Plaintiff adopts and realleges the foregoing.

110.   Section 1692i(a)(2) of the FDCPA prohibits a debt collector from bringing legal action against a consumer in a location other than where contract signed or where consumer resides See, 15 U.S.C. § 1692i(a)(2).

111.   Section 1692i(a)(2) of the FDCPA prohibits a from bringing a legal action in a location other than where the contract was signed or where the consumer resides.

16

*U.S.C. § 1692i(a)(2).* Where there is no signed contract the FDCPA prohibits a debt collector from commencing an action anywhere besides the judicial district where consumer resides. See Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011).

112. As previously articulated above, Plaintiff, never signed a contract creating the underlying debt which created the alleged basis for the Civil Court Action. Even if Plaintiff did sign an agreement creating the debt (which he did), Plaintiff never resided within the judicial district of the Queens County Civil Court at the time or prior to the commencement of the Civil Court Action.

113. By commencing the Civil Court Action in a judicial district other than where the Plaintiff resided, the Defendants made it impossible that Plaintiff would have been able to become aware of the Civil Court Action and properly defend himself in that action. These acts made it easy for Defendants to obtain a judgment against Plaintiff.

114. Defendants' violation of 1692i(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

115. By unlawfully commencing an action in a jurisdiction where Plaintiff did not reside and obtaining a judgment, Defendants has caused Plaintiff to suffer actual injury in the form of emotional distress.

116. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692i(a)(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

117. Defendants' violation of § 1692i(a)(2) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

118.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.        **COUNT VII**

**VIOLATION OF THE ELECTRONIC FUND TRANSFERS ACT AND REGULATION E**

**15 U.S.C § 1693 *et seq*. and 12 C.F.R § 205 *et seq*.**

119.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

120.    The foregoing intentional and negligent acts and omissions of Defendants constitutes numerous and multiple violations of the EFTA and Regulation E including, but not limited to, each and every one of the above-cited provisions of the EFTA, 15 U.S.C. § 1693 *et seq*.

121.    As a result of Defendants' violations of the EFTA and Regulation E, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 169m(a)(3) from Defendants.

**COUNT VIII**
**Violations of the New York General Business Law § 349**

122.    Plaintiff adopts and realleges the foregoing.

123.    Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

124.    GBL § 349 provides in relevant part as follows:

18

    a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

        i. *h. In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

125. It is the regular business practice of Defendants to harass consumers in an abusive manner as a means to pressure the alleged debtor. Defendants has engaged in such a deceptive practice aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

126. It is the regular business practice of Defendants to make false threats against consumers as a means to pressure the alleged debtor. Defendants has engaged in such a deceptive practice aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

127. By unlawfully harassing Plaintiff, Defendants has caused Plaintiff to suffer actual injury in the form of emotional distress.

128. By unlawfully making false threats against Plaintiff, Defendants has caused Plaintiff to suffer actual injury in the form of emotional distress.

129. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

130.   Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing to Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Edward Moran, Jr. prays that this Court:

a.   Declare that Defendants violated the FDCPA;

b.   for an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against Defendants for Plaintiff;

c.   Enter judgment in favor of Plaintiff and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

d.   Grant an award of actual damages pursuant to 15 U.S.C. § 1692m(a)(1) against Defendants and for Plaintiff;

e.   Grant an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1693m(a)(2)(A) against Defendants and for Plaintiff;

f.   Grant an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3) against Defendants and for Plaintiff; and

g.   Enter judgment enjoining Defendants from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

h.   Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Edward Moran, Jr. demands trial by jury.

Respectfully submitted,

Dated: January 31, 2018

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**